UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMRA HUCK,

    Plaintiff,

v.                                                                   Case No. 1:23-cv-737
                                                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

On June 14, 2021, plaintiff filed an application for DIB alleging a disability onset date of December 29, 2020.  PageID.43.  Plaintiff identified her disabling conditions as mild to moderate stenosis and anxiety.  PageID.236.  Prior to applying for benefits, plaintiff completed a GED and had past relevant work as a cashier manager, stocker, and cashier.  PageID.55-56.  An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on July 19, 2022.  PageID.43-57.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.     LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation.[1] At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the alleged onset date of December 29, 2020, and that she meets the insured status requirements of the Social Security Act through December 31, 2025.  PageID.46.  At the second step, the ALJ found that plaintiff has severe impairments of: discogenic degenerative changes of the lumbar spine and plantar lesion of the left lower extremity. *Id*.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.47.

The ALJ decided at the fourth step that,

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except that she can occasionally climb ramps and stairs; and may never climb ladders, ropes, or scaffolds. Claimant may occasionally stoop, kneel, crouch,

---

[1] At step four, the ALJ found that, through the date last insured, the claimant was capable of performing her past relevant work as a Cashier Manager, Stocker, and Cashier II. PageID.55. At that point, plaintiff was determined to be not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv). However, the ALJ proceeded to step five where she made an alternative finding that there were other jobs that existed in significant numbers in the national economy that plaintiff also could have performed. PageID.56-57. The Court finds no authority for an ALJ to make such an alternative determination. Here, the ALJ was required to end the evaluation at step four and find that plaintiff was not disabled:

> (4) *The five-step sequential evaluation process*. The sequential evaluation process is a series of five 'steps' that we follow in a set order. See paragraph (h) of this section for an exception to this rule. **If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.** If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. (See paragraph (e) of this section.) We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.  These are the five steps we follow: . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. **If you can still do your past relevant work, we will find that you are not disabled.** See paragraphs (f) and (h) of this section and § 404.1560(b).

20 C.F.R. § 404.1520(a)(4)(iv) (emphasis added). *See, e.g., Patricia T. v. Kijakazi*, No. 21-CV-1028 (GMH), 2022 WL 3583634 at *2, fn. 5 (D.D.C. Aug. 22, 2022) ("If the claimant can perform his or her past relevant work, a finding of 'not disabled' is required.") (citing 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv)). Because the ALJ's alternative determination at step five is not authorized by the regulations, the Court will not address that finding.

and crawl; and has no limitation in balancing. Claimant must avoid concentrated exposure to dangerous workplace hazards such as unprotected heights or dangerous moving machinery.

PageID.49.  At this step, the ALJ also found that plaintiff is capable of performing her past relevant work as a Cashier Manager, Stocker, and Cashier II.  PageID.55.  This work does not require the performance of work-related activities precluded by her residual functional capacity (RFC).  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from December 29, 2020 (the alleged onset date) through July 19, 2022 (the date of the decision).  PageID.57.

### III.   DISCUSSION

Plaintiff raised one error on appeal:

**The RFC assessment is not supported by substantial evidence because it is based on the ALJ's own lay opinion.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  *See* 20 C.F.R. § 404.1545.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."  20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).  In evaluating an individual's RFC, the ALJ considers impairments that are both "severe" and "not severe", *see* 20 C.F.R. § 404.1545, "based on all the relevant medical and other evidence in [the claimant's] case record," 20 C.F.R. § 404.1520(e).

Here, plaintiff contends that, the ALJ's conclusion that she could perform medium exertional work is not supported by substantial evidence "because it is not consistent with any medical opinion in the record and is based solely on the ALJ's own lay opinion."  Plaintiff's Brief

5

(ECF No. 6, PageID.560).  Plaintiff contends that the ALJ's conclusion that she could engage in medium exertional work is not supported by any medical evidence:

> As part of the ALJ's RFC assessment, she considered the prior administrative medical findings (PAMFs) of the state agency medical consultants (SAMCs) and the medical opinions of Ms. Caitlin Mark and Dr. Neil Droppers.  The state agency's medical consultants limited Plaintiff to *light* exertion. Ms. Mark and Dr. Droppers limited Plaintiff to *less than sedentary exertion*. There are no medical opinions in the record consistent with *medium* exertion. Even though every medical opinion in the record opined that the Plaintiff is unable to perform work at medium exertion, the ALJ impermissibly substituted his [sic] own lay opinion by crafting an RFC with work at medium exertion.

Plaintiff's Brief (ECF No. 6, PageID.560) (emphasis in original).

The final responsibility for deciding a claimant's RFC is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d)(2).  "[T]he ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence."  *Rudd v. Commissioner of Social Security*, 531 Fed. Appx. 719, 728 (6th Cir. 2013).  Courts recognize that ALJs are not physicians.  *See, e.g., Deskin v. Commissioner of Social Security*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) ("[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms") (citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999)). As one court explained:

> The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.

*Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).  In short, "the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 Fed. Appx. 456, 465 (6th Cir.2006).  However, the ALJ's decision does not need to mirror an RFC offered by a physician.

6

> [T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.

*Rudd*, 531 Fed. Appx. at 728 (internal quotation marks omitted).  *See Mokbel-Aljahmi v. Commissioner of Social Security*, 732 Fed. Appx. 395, 401 (6th Cir. 2018) (rejecting the argument that "a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).  Here, the ALJ rejected the opinions of two non-examining state medical consultants, Robin Mika, D.O. (August 2021) and Edward Brophy, D.O. (January 2022), who concluded at the initial level and on reconsideration that plaintiff could perform light work (occasionally lift or carry up to 20 pounds and frequently lift or carry up to 10 pounds).  PageID.53.  The ALJ explained,

> The evidence supports a finding that this is not the most claimant can do. The claimant is limited to a range of medium work with additional postural and environmental limitations due to ongoing back issues but claimant's report of mild to moderate pain and improvements with medication and other treatments, as well as largely mild clinical examination findings support my finding that she is not limited to a light exertion. (Exs. 3F/11-13; 9F).

PageID.54.

It is unclear how the ALJ reached this determination based on the cited record, *i.e.*, Ex. 3F/11-13 (PageID.469-471) (the May 7, 2021 treatment notes of Neil Droppers, D.O.) and Ex. 9F (PageID.541-543) (the June 1, 2022 examination by John Hawkins, D.O.). Neither Dr. Droppers' examination nor Dr. Hawkins' examination addressed plaintiff's ability to lift. However, Dr. Droppers did release plaintiff to "full duty as she is improving in her symptoms." PageID.470.

In addition, the ALJ found an opinion from plaintiff's occupational therapist Caitlin Mark and Dr. Droppers as unpersuasive:

> In March 2022, occupational therapist Caitlin Mark provided a functional capacity assessment of the claimant, <u>which was also signed by Neil Droppers, D.O.</u> The assessment opined that claimant could stand, walk, and sit less than two hours in an eight-hour day; that she needed a job that permitted a sit/stand option, and that she would needly hourly unscheduled breaks. The assessment opined that claimant could occasionally carry/lift less than ten pounds; could never twist or climb ladders; and could rarely crouch or stoop. The assessment opined that claimant could reach overhead only 25% of the workday (Ex. 7F). I find this opinion unpersuasive, in that it is inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment and medications, the objective medical studies, the clinical examination findings, and the claimant's reported activities of daily living. The evidence supports a finding that the claimant is limited to a range of medium work with additional postural and environmental limitations due to ongoing back issues but at least some improvements with medication and other treatment, as well as largely mild to moderate clinical examination findings (Exs. 3F/11-13; 9F).

PageID.54 (emphasis added).

In rejecting Ms. Mark and Dr. Droppers' opinion, the ALJ stated:

> The extent of limitations provided in the assessment are inconsistent with claimant's reports of usually mild to moderate pain and no more than moderate clinical examination findings, including Dr. Droppers' own findings. Such inconsistencies suggest that Dr. Droppers and Ms. Mark relied quite heavily on the claimant's subjective report of symptoms and limitations, and that they may have uncritically accepted as true most, if not all, of what the claimant reported. Yet, as explained above, there exist good reasons for questioning the consistency of the claimant's subjective complaints.

*Id*.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (quoting *Diaz*). Here, the Court cannot trace the path of the

ALJ's reasoning with respect to her determination that plaintiff could perform work at the medium exertional level. The ALJ rejected the opinions of Drs. Mika and Brophy that plaintiff could perform light work, in part because of Dr. Droppers' "largely mild clinical examination findings." However, Dr. Droppers also found that plaintiff could perform less than sedentary work, agreeing with Ms. Mark's determination that plaintiff can never lift 10, 20 or 50 pounds (PageID.529). For her part, Ms. Mark's opinion does not appear based on plaintiff's "subjective report of symptoms and limitations," but based on three 60-minute physical therapy sessions. *See* PageID.524-527, 529-530. It is unclear from the ALJ's decision how plaintiff was sufficiently robust to perform medium work, *i.e.*, lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing 25 pounds. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the determination that plaintiff can perform medium work.

## IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the determination that plaintiff can perform medium work. A judgment consistent with this opinion will be issued forthwith.

Dated:  September 30, 2024               /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge